**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARILYN ENGLISH, | No. 19-55632 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-00908-JGB-SHK |
| v. | |
| GENERAL DYNAMICS MISSION SYSTEMS, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted June 5, 2020**
Pasadena, California

Before: LEE and BUMATAY, Circuit Judges, and MOLLOY,*** District Judge.

Marilyn English appeals the district court's order granting summary

judgment in favor of her former employer General Dynamics Mission Systems,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

1

Inc. on her claims under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940; Whistleblower Protection Act ("WPA"), Cal. Lab. Code § 1102.5; and Equal Pay Act ("EPA"), Cal. Lab. Code § 1197.5.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  To avoid an impermissible extraterritorial application of state law, a "crucial element" of English's claim must have occurred in California.  *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 931 (Cal. 2006).  English experienced harassment and a hostile work environment in Colorado and the termination decision was made in Georgia and North Carolina.  Because the conduct giving rise to her FEHA and WPA claims occurred outside of California, the claims fail as a matter of law.

2.  To prevail on her EPA claim, English "must show that [her] employer pays workers of one sex more than workers of the opposite sex for equal work." *See Green v. Par Pools, Inc.*, 111 Cal. App. 4th 620, 626 (2003).  English's only comparator is Warren Grubbs, who was promoted to the E-33 pay grade in 2014 and was up for another promotion in 2016.  Though English asserts that she performed the work of an E-34 while being paid as an E-32, she does not offer sufficient evidence of her duties or how they compared to Grubbs's.  Because English failed to raise a genuine factual dispute on this issue, her EPA claim fails as a matter of law.

2

3. English sought leave to add federal claims after General Dynamics filed its motion for summary judgment in March 2019. Her request is evaluated under Rule 16's "good cause" standard because it came after the scheduling order's October 15, 2018 deadline for amended pleadings. *See DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). Because General Dynamics challenged the application of California law as an affirmative defense in its April 2018 Answer, English was not "diligent in seeking the amendment." *Id.* The district court did not abuse its discretion in denying her request.

**AFFIRMED.**